IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHASE MULLINS**                                                                  **PLAINTIFF**
**ADC #176271**

**v.**                    No: 4:20-cv-01131-LPR-PSH

**BILL GILKY**                                                                 **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Chase Mullins, an inmate at the Yell County Jail, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 22, 2020 (Doc. No. 1).[1] On

---

[1] In its initial order to Mullins, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address. The Court also notified

December 29, 2020, mail sent to Mullins at his address of record in another case (Case No. 4:20-cv-00643) was returned to the Court as undeliverable.[2] The same day, the Court entered a text order directing Mullins to file notice of his current mailing address by no later than thirty days from the entry of the order (Doc. No. 5). Mullins was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to Mullins at his last known address, and was returned as undeliverable. *See* Doc. No. 6.

More than 30 days have passed since the text order was entered, and Mullins has not complied or otherwise responded to it. Mullins was required to notify the Clerk and the other parties to the proceedings of a change in his address pursuant to Local Rule 5.5(c)(2) and pursuant to the order of this Court. Because he failed to comply with Local Rule 5.5(c)(2) and failed to respond to the Court's order, this action should be dismissed without prejudice. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

---

Mullins that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice. Doc. No. 2.

[2] Mullins' address of record in Case No. 4:20-cv-00643 was the same as his address of record in this matter, and this Court was assigned to both cases.

It is therefore recommended that Mullins' complaint (Doc. No. 1) be dismissed without prejudice.

DATED this 6th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE